*314 OPINION.
MaRQuette:
The present petitioners, who are husband and wife, reside in Texas, in which State the law of community property prevails.
In their income-tax returns for the year 1922 the petitioners sought to deduct from gross income, as a loss, the $9,000 invested in Mineóla company stock which Bergfeld had charged off on his books during that year. The respondent disallowed the deduction on the ground that the Mineóla company had been reorganized, and restored the $9,000 to taxable income, resulting in the deficiency which is here contested.
In arriving at his determination the respondent relied upon article 293 of Regulations 62, relating to the Revenue Act of 1921. The portion of the article so relied upon reads as follows:
Amounts to be assessed and paid under an agreement between bondholders or stockholders of a corporation, to be used in a reorganization of the corporation, are investments of capital and not deductible for any purpose in returns of income.
This regulation has particular reference to section 215 (a) (3) of the 1921 Revenue Act, viz:
Sec. 215. (a) That in computing net income no deduction shall in any ease be allowed in respect of
* * # * * ⅜ ⅜
(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made.
In our opinion the facts in these proceedings do not sustain the respondent in his determination. Clearly, there was no reorganization of the Mineóla company. That corporation sold its assets to certain of its creditors, at public auction, and the corporation then took the necessary steps for its dissolution. There was no exchange of stock or assets of the Mineóla company for stock in the new corporations. The stock of the latter was subscribed for by about one-third of those who had been stockholders of the old company. It is true that these subscribers paid for their stock in the new companies with property which they had purchased at public sale, and which was owned at one time by the Mineóla company, but that company had ceased to own the property and had ceased to exist before the new companies were incorporated. See State Bank of Bloomington, 11 B. T. A. 66.
*315 Section 214 (a) (5) of the Revenue Act of 1921 provides:
Sec. 214 (a) That in computing: net income there shall be allowed as deductions:
*******
(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for proilt, though not connected with the trade or business; * ⅜ *
The facts before us clearly show that Bergfeld’s stock in the Mineóla company cost him $9,000 after Februray 28, 1913; and that this stock became utterly valueless in 1922, the taxable year here involved.
Under the section of the statute above quoted, therefore, the $9,000 constituted a loss sustained during the taxable year and its deduction should be allowed.

Judgment will be entered under Rule 50.